IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| ARVID LEE BENNETT, | : | |
| Petitioner, | : | |
| v. | : | CASE NO. 4:08-CV-134-CDL-GMF |
| THOMAS AMMONS, Warden | : | 28 U.S.C. § 2254 |
| | : | Habeas Corpus Petition |
| Respondent. | : | |

**REPORT AND RECOMMENDATION**

Before this Court is Respondent's Motion to Dismiss Petition as Untimely.  On May 9, 2006, Petitioner pled guilty in Marion County Superior Court to child molestation, incest, and cruelty to a child, for which Petitioner was sentenced to a 20-year "split" sentence, to serve 10 years with the balance on probation; and aggravated child molestation, for which petitioner was sentenced to a 30-year "split" sentence, to serve 10 years with the balance on probation.  Petitioner's sentences run concurrently.  Petitioner is currently confined in Autry State Prison in Pelham, Georgia. (R-1, p. 1).  Petitioner did not appeal his convictions.  *Id*.

Petitioner filed his only state habeas petition in Mitchell County Superior Court on February 13, 2007, (R-9-2, p. 1) which, after a hearing, was ultimately denied on October 1, 2007 (R-9-2, p. 37).  Petitioner's application for a certificate for probable cause to appeal the denial of habeas corpus was denied by the Supreme Court of Georgia on January 29, 2008. (R-9-2, p. 46).  His motion for reconsideration was similarly denied on February 25, 2008. (R-9-2, p. 47).

On October 17, 2008, Petitioner filed the current federal habeas petition, pursuant to 28 U.S.C. § 2254. (R-1). Respondent filed an Answer-Response on December 24, 2008, (R-10) and a Motion to Dismiss Petition as Untimely (R-11). Petitioner filed a response to Respondent's motion on January 15, 2009. (R-13).

## AEDPA Limitations Period

The Anti-Terrorism and Effective Death Penalty Act (AEDPA) was enacted primarily to put an end to the unacceptable delay in the review of prisoners' habeas petitions. "The purpose of the AEDPA is not obscure. It was to eliminate the interminable delays in the execution of state and federal criminal sentences, and the shameful overloading of our federal criminal justice system, produced by various aspects of this Court's habeas corpus jurisprudence." *Hohn v. U.S.,* 524 U.S. 236, 264-65, 118 S. Ct. 1969 (1998). The AEDPA, which became effective on April 24, 1996, therefore instituted a time bar as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;. . . .
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In *Kaufmann v. U.S.,* 282 F.3d 1336, 1339 (11th Cir. 2002), *cert. denied,* 123 S. Ct. 286 (2002), the Eleventh Circuit Court of Appeals joined other Circuits in holding that the

AEDPA provides, *inter alia,* that a habeas petition may not be filed more than one year from the "date on which the judgment becomes *final.*" The *Kaufmann* Court stated:

> We are also persuaded by the fact that the Supreme Court has expressly defined when a conviction becomes "final," albeit prior to the enactment of AEDPA. *See Griffith v. Kentucky*, 479 U.S. 314, 107 S. Ct. 708, 93 L.Ed.2d 649 (1987). In *Griffith*, the Court stated: "By 'final,' we mean a case in which a judgment of conviction has been rendered, the availability of appeal exhausted, *and the time for a petition for certiorari elapsed or a petition for certiorari finally denied.*" *Id*. at 321 n.6, 107 S. Ct. 708 (emphasis added).

*Id*. at 1338.

As set out above, the AEDPA one year limitations period provides that "the time during which a *properly filed* application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is *pending* shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2) (emphasis added). The United States Supreme Court held that "an application is '*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, *the time limits upon its delivery*, the court and office in which it must be lodged, and the requisite filing fee." *Artuz v. Bennett*, 531 U.S. 4, 121 S. Ct. 361 (2000) (emphasis added). The Eleventh Circuit has cautioned that "even prior to *Artuz,* this Court held that a petitioner's state post-conviction application must meet state filing deadlines in order to toll AEDPA's one-year limitation period." *Wade v. Battle,* 379 F.3d 1254, 1260 (11th Cir. 2004) (citing *Webster v. Moore,* 199 F.3d 1256, 1258 (11th Cir. 2000)).

3

It is found that Petitioner's instant petition is untimely under 28 U.S.C. § 2244(d). Petitioner's guilty plea was entered on May 9, 2006, and his conviction became final on June 8, 2006, when the time for filing a notice of appeal expired pursuant to O.C.G.A. § 5-5-38. The AEDPA statute of limitations within which Petitioner could have filed a federal application for writ of habeas corpus pursuant to 28 U.S.C. § 2254 began to run on June 9, 2006. Petitioner's one-year time period for filing his § 2254 petition was tolled during the pendency of his first state habeas petition, filed on February 13, 2007. At the time Petitioner's first state habeas petition was filed, 249 days of his AEDPA one year period of limitations had elapsed.

In *Justice v. U.S.*, 6 F.3d 1474, 1478 n.10 (11th Cir. 1993), the Eleventh Circuit Court of Appeals cited with approval the Supreme Court's holding in *U.S. v. Ibarra*, 502 U.S. 1, 4 n.2, 112 S. Ct. 4, 5 n.2 (1991): "when time bar is suspended because of equitable tolling and begins to run upon the happening of subsequent events, time remaining is calculated by subtracting from full limitations period whatever time ran before clock was stopped." The AEDPA statute of limitations began to run again when petitioner's motion for reconsideration was denied on February 25, 2008. At that time, Petitioner had 116 days left in which to file his federal habeas petition. That 116 days expired on June 10, 2008.

However, Petitioner did not file his federal habeas petition until October 10, 2008, four months too late. A federal habeas petition "that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled." *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000). A filing deadline cannot be

4

complied with, substantially or otherwise, by filing even one day late. *Carlisle v. U.S.*, 517 U.S. 416, 430, 116 S. Ct. 1460, 1468 (1996).

THEREFORE, IT IS RECOMMENDED that Respondent's Motion to Dismiss Petition as Untimely under 28 U.S.C. § 2244(d) be GRANTED, and Petitioner's action be **DISMISSED.** Pursuant to 28 U.S.C. § 636 (b)(1), the parties may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE WITHIN TEN (10) DAYS after being served with a copy hereof.

**SO RECOMMENDED,** this 27th day of January, 2009.

                                                S/ G. MALLON FAIRCLOTH
                                                UNITED STATES MAGISTRATE JUDGE

lml